# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| Vermont Unit | Docket No. 164-12-13 Vtec |

| Laberge NOV |
|---|

## ENTRY REGARDING MOTION

Title:          Motion to Compel (Motion #2)
Filer:          Gary Fenwick
Attorney:   Claudine C. Safar
Filed Date:   October 21, 2014

Response in Opposition filed on 11/19/2014 by Brian P. Hehir, Attorney for Appellees
    Matthew A. Laberge and Judith Laberge

**The motion is GRANTED.**

The Town of Hinesburg ("Town") Zoning Administrator issued landowners Matt and Judy Laberge ("Laberges") a Notice of Violation ("NOV") on July 31, 2013 for unreasonable noise on their property, located at 852 Hayden Hill Road West in Hinesburg, Vermont,.  The NOV was prompted by noise complaints from neighboring landowners, Gary and Fiona Fenwick ("Appellants"), and referenced three specific dates in the summer of 2013 on which noise was reported at an intensity exceeding 80 decibels ("dBA") at the property line every five-minutes for a duration of 10 to 15 seconds over the course of 1 to 2 hours.

The Laberges appealed the NOV to the Town of Hinesburg Development Review Board ("DRB"), which found that the Laberges' motorcycle use during the summer of 2013 constituted a "usual and customary residential activity" and was not in violation of § 5.12.1 of the Town of Hinesburg Zoning Regulations ("Regulations") regarding noise restrictions.  Appellants timely appealed that decision to this Court.  Now pending is Appellants' October 20, 2014 motion requesting that the Court compel the Laberges to respond to discovery requests regarding noise testing and studies conducted relative to their property.

We will grant a motion to compel discovery if the moving party (here, Appellants) demonstrates that they have served a specific discovery request upon another party (here, the Laberges), that the other party has refused to satisfy the specific discovery request, and that they have conferred with or attempted to confer with opposing counsel "about the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution."  V.R.C.P. 26(h), 37(a)(2).  The moving party must file an affidavit certifying these efforts, including the "date or dates of the consultation with opposing counsel, and the names of the participants."  V.R.C.P. 26(h).  Where a party fails to comply with a discovery request, it is within the Court's discretion whether to "make such orders in regard to the failure as are just."  V.R.C.P. 37(d).

In support if their motion, Appellants certify service of the interrogatories on the Laberges on May 6, 2014.  Paragraph 7 of the request asked the Laberges to "identify each and every time [the Laberges], [the Laberges'] representative(s), and/or the Town of Hinesburg [has] performed noise testing, noise studies, or similar tests on or related to [the Laberge] property . . . ."  On July 1, 2014 the Laberges filed a response to Appellant's interrogatories.  In their response, the Laberges state that they have not conducted any noise testing.

On July 18, 2014, Appellants served the Laberges with a Request to Admit, paragraph 2 of which asks the Laberges to admit that neither they nor anyone on their behalf has ever tested the decibel levels associated with motorcycle use on the Laberge property.  The Laberges denied this request in their August 8, 2014 response, prompting Appellants to send a letter seeking clarification of the discrepancy between the July 1 and August 8 responses.

On October 6, 2014, the Laberges responded to Appellant's letter by e-mail, explaining that "the Laberges own a radio shack sound meter, and used it before," but "have no records of the dates of use or of any recordings they may have obtained from it . . . ."  Appellants then requested information about the meter, its calibration, the Laberges' best recollection of when they used the meter, and whether the Laberges intend to testify at trial about any readings.  The Laberges declined to provide any of the requested information "unless [the Laberges] took readings on the dates complained of during the summer of 2013."  On October 7, 2014, after Appellants' requested an explanation why the Laberges would not provide the requested information, the Laberges asserted that they did not use a sound meter on either of the three days in 2013 which are the subject of the appeal.  On October 7, 2014 Appellants again requested the information as corroborating evidence, and the Laberges again declined.

Appellants' motion and exhibits satisfy the requirements under Rules 26(h) and 37(a)(2), in that they demonstrate service of a specific discovery request, the Laberges' refusal to satisfy the specific discovery request, and good faith efforts between the parties to resolve the dispute.  As such, it is within the Court's discretion to issue an order compelling the requested discovery; in exercising that discretion, we are directed to determine what would be just.

Generally, parties may seek discovery of any non-privileged information that is "relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party," regardless of whether the information will be admissible at trial, as long as it is "reasonably calculated to lead to the discovery of admissible evidence."  V.R.C.P. 26(b)(1).  Appellants' initial request asked for information about "each and every time" anyone performed "noise testing, noise studies, or similar tests."  The request seeks discoverable information, and was not limited to certain dates or time periods.  Finding that Appellants have satisfied the standard under Rules 26(h) and 37(a)(2), we **GRANT** their motion and issue this **ORDER** to the Laberges, compelling their complete response to Appellants' October 7, 2014 discovery requests no later than **4:00 PM on Monday, January 5, 2015**.  Failure to abide by this Order compelling complete responses could lead to one or more sanctions being imposed against Mr. and Mrs. Laberge.

This matter remains scheduled for trial in the Environmental Division courtroom at the Costello Courthouse (2nd floor) in Burlington, beginning at **9:00 AM on Thursday, January 15, 2015.**

Electronically signed on December 19, 2014 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
Claudine C. Safar (ERN 3985), Attorney for Appellant Gary Fenwick
Claudine C. Safar (ERN 3985), Attorney for Appellant Fiona Fenwick
Ernest M. Allen (ERN 3968), Attorney for Interested Person Town of Hinesburg
Brian P. Hehir (ERN 4252), Attorney for Appellee Matthew A. Laberge
Brian P. Hehir (ERN 4252), Attorney for Appellee Judith Laberge